UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN K. FORT,

    Judgment Creditor,

v.                                                      Case No: 5:17-mc-12-Oc-JSM-PRL

ANTHONY J. CILWA and
CHRISTOPHER CILWA,

    Judgment Debtors.
_____

# REPORT AND RECOMMENDATION[1]

Upon referral, this case is before the Court for consideration of judgment debtor Anthony J. Cilwa's *pro se* motion requesting to proceed on appeal *in forma pauperis*. (Doc. 20). For the reasons explained below, the undersigned submits that the motion is due to be denied.

## I.    Background

This matter involves the registration of a foreign judgment against judgment debtors, Anthony J. Cilwa and Christopher Cilwa. (Doc. 1). Pursuant to an order by the United States Bankruptcy Court, District of South Carolina, judgment creditor John K. Fort is entitled to the turnover of any interest Anthony J. Cilwa holds in property located at 4920 Long Meadow Drive in Leesburg, Florida. (Doc. 1-1). Further, pursuant to the Certification of Judgment for Registration in Another District, the order of the bankruptcy court was affirmed by mandate of the United States Court of Appeals for the Fourth Circuit. (Doc. 1). And recently, the District Judge observed that

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

the United States Supreme Court denied Mr. Cilwa's request for an appeal of the bankruptcy case. Accordingly, the stay was lifted on the execution of judgment in this matter. (Doc. 31).

### II. Legal Standards

Under Federal Rule of Appellate Procedure 24, a motion to proceed *in forma pauperis* on appeal must be filed in the district court and must have an attached affidavit that (1) shows the party's inability to pay, (2) claims an entitlement to redress, and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). An individual may be allowed to proceed *in forma pauperis* (that is, without the payment of the filing fees) if he or she declares in an affidavit that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Before a plaintiff is permitted to proceed *in forma pauperis* on appeal, however, the Court is obligated to ensure the appeal is being taken in "good faith." 28 U.S.C. § 1915(a)(3). "Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard." *United States v. Terry*, No. 8:97-CR-273-T-23TBM, 2016 WL 406863, at *2, n.1 (M.D. Fla. Jan. 6, 2016), *report and recommendation adopted*, No. 8:97-CR-273-T-23TBM, 2016 WL 398160 (M.D. Fla. Feb. 2, 2016) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "An issue is frivolous if it is without arguable merit either in law or fact." *Miller v. City of Atl. Beach*, No. 3:15-CV-209-J-34PDB, 2015 WL 7731472, at *5 (M.D. Fla. Nov. 4, 2015), *report and recommendation adopted*, No. 3:15-CV-209-J-34PDB, 2015 WL 7721278 (M.D. Fla. Nov. 30, 2015). "On the other hand, where an issue or claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed." *Williams v. Davey Tree Expert Co.*, No. 8:10-CV-2303-T-30TBM, 2011 WL 6314207, at *2 (M.D. Fla. Nov. 30, 2011), *report and recommendation adopted,* No. 8:10-CV-2303-T-30TBM, 2011 WL 6314202 (M.D. Fla. Dec. 16, 2011) (citing *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)).

### III. Discussion

Here, Mr. Cilwa apparently seeks to pursue another appeal in an attempt to forestall the execution of the judgment against him. As a preliminary matter, the undersigned notes that his motion to appeal *in forma pauperis* is due to be denied for failure to comply with the requirements of Rule 24 of the Federal Rules of Appellate Procedure. Mr. Cilwa's motion lacks the required affidavit showing his entitlement to redress and a statement of the issues that he intends to present on appeal. And, even if the Court were to construe his other filings as statements of the issues he intends to present, his motion fails because it is not taken in good faith.

This is not Mr. Cilwa's first attempt to appeal this matter. As the docket reflects, he has already unsuccessfully challenged the subject judgment before both the United States Court of Appeals for the Fourth Circuit and the United States Supreme Court. The issues raised by Mr. Cilwa are frivolous, as they have already been fully litigated. As the District Judge observed, there is no further reason to stay execution of the judgment in this case. (Doc. 31). Thus, this case presents a quintessential example of a frivolous claim that will not survive scrutiny under § 1915.

### IV. Recommendation

For the reasons stated above, it is respectfully recommended that Plaintiff's Motion to Appeal *in Forma Pauperis* (Doc. 20) be denied.

Recommended in Ocala, Florida on January 23, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record

Unrepresented Parties
Courtroom Deputy